USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRYSTYNA MENKOVA,

                            Plaintiff,

            -against-                                26-CV-00683 (MMG)

CITIBANK, N.A.,                                      **ORDER**

                            Defendant.

MARGARET M. GARNETT, United States District Judge:

This is an employment discrimination action between *pro se* Plaintiff Krystyna Menkova ("Plaintiff") and her former employer, Defendant Citibank, N.A. Presently before the Court is Defendant's unopposed motion to compel arbitration. Dkt. No. 11. The motion is GRANTED.

The Court assumes familiarity with the facts and history of this matter. In brief, Plaintiff worked for Defendant as a lead data analyst beginning in 2022. Dkt. No. 1 at 8. In early 2024, she took a two-month leave of absence after experiencing "severe mental health conditions." *Id.* at 9. She alleges her supervisor treated her significantly worse after she returned and began giving her negative performance reviews. *Id.* Defendant terminated Plaintiff's employment on May 1, 2025. *Id.* at 14.

Plaintiff filed this lawsuit on January 27, 2026, alleging Defendant retaliated against her for taking medical leave and violated the Americans with Disabilities Act of 1990 ("ADA") and Family and Medical Leave Act of 1993 ("FMLA"). Dkt. No. 1. On April 2, 2026, Defendant moved to compel arbitration and stay this action. Dkt. No. 11. On April 29, 2026, Plaintiff filed a letter stating she does not oppose the motion. Dkt. No. 16.

Under Section 2 of the Federal Arbitration Act ("FAA"), arbitration agreements are generally "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

equity for the revocation of any contract." 9 U.S.C. § 2. "Where a party to an arbitration agreement refuses to comply with that agreement, and instead attempts to proceed in litigation, the other party may move to stay the litigation . . . and compel arbitration." *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 240 (S.D.N.Y. 2020) (citing 9 U.S.C. §§ 3–4)..[1] The FAA establishes "a liberal federal policy favoring arbitration agreements." *New Prime Inc. v. Oliveira*, 586 U.S. 105, 120 (2019) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)). And it "leaves no place for the exercise of discretion by a district court," instead mandating "arbitration on issues as to which an arbitration agreement has been signed." *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

In assessing the enforceability of an arbitration clause, courts must determine (1) whether the parties entered a valid arbitration agreement and (2) if the dispute at issue falls within the arbitration agreement's scope. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). The FAA requires courts to enforce arbitration agreements "according to their terms." *Id.* at 127 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 479 (1989)).

The first issue is whether Plaintiff and Defendant entered a valid agreement to arbitrate. Defendant's offer letter to Plaintiff specified: "Any controversy or dispute relating to your employment with or separation from [Defendant] other than controversies or disputes that by law are not arbitrable will be resolved in accordance with [Defendant]'s Employment Arbitration Policy, the terms of which are incorporated in this letter." Dkt. No. 14-1 at 4. Plaintiff accepted

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

Defendant's employment offer and therefore entered an agreement to arbitrate. *See Thomas v. Public Storage, Inc.*, 957 F. Supp. 2d 496, 499–500 (S.D.N.Y. 2013).

The second issue is whether this lawsuit falls within the scope of that valid agreement to arbitrate. The Employment Arbitration Policy includes a "Scope" provision specifying arbitration is "the required and exclusive forum for the resolution of *all employment-related disputes*," inclusive of "demands or actions under . . . the Americans with Disabilities Act of 1990 [and] the Family and Medical Leave Act of 1993." Dkt. No. 14-2 at 1–2 (emphasis added). Plaintiff alleges Defendant, as her employer, retaliated against her in violation of the ADA and FMLA. That allegation falls squarely within the above language.

Because a valid arbitration agreement exists between the parties and this case falls within its scope, Defendant's motion to compel arbitration is GRANTED. This matter is STAYED. The parties are hereby ORDERED to file a joint letter apprising the Court on the status of the arbitration on or before **July 14, 2026**, and **every sixty (60) days** thereafter.

Dated: May 14, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3